**Raymond DONOVAN, Secretary of Labor, Plaintiff,**

v.

**Rakan O. SHTEIWI, dba Gold Star Chili, Defendant.**

**No. C–1–82–471.**

United States District Court, S.D. Ohio, W.D.

April 20, 1983.

Andrew W. Hoffmann, U.S. Dept. of Labor, Cleveland, Ohio, for plaintiff.

James C. Cissell, Cincinnati, Ohio, for defendant.

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPEIGEL, District Judge.

This matter came on for consideration of defendant's motion for summary judgment (doc. 9), plaintiff's memorandum in opposition (doc. 11), and defendant's reply. For the reasons set forth below we find that defendant's motion is well-taken and should be granted.

This is an action brought by the Secretary of Labor (Secretary) against the defendant, a sole proprietorship, doing business as Gold Star Chili. Plaintiff alleges violations of the minimum wage, overtime and recordkeeping provisions of the Fair Labor Standards Act of 1938 (the Act), 29 U.S.C. §§ 201 et seq. Plaintiff seeks an injunction against future violations and the continued withholding of back wages due to certain employees.

In 1961 the Fair Labor Standards Act was amended to provide minimum wage and overtime protection to all employees of an enterprise if the establishment has two or more employees engaged in commerce or the production of goods for commerce and

if the "annual gross volume of sales of such enterprise" exceeds a certain dollar amount per year. ($250,000.00 since November 1, 1977; $275,000.00 since July 1, 1978; and $325,000.00 since July 1, 1980). 29 U.S.C. § 203(s)(2); see *Wirtz v. Columbian Mutual Life Insurance Company,* 380 F.2d 903, 905 (6th Cir.1967).

It is undisputed that by itself, Gold Star Chili did not meet the annual gross volume designated in the Act. Plaintiff contends, however, that defendant Gold Star Chili is subject to coverage under the Act pursuant to 29 U.S.C. § 203(s)(2) because Gold Star Chili, together with Caruso's Ristorante, owned and operated by Rakan Company, Inc. constitute an enterprise under 29 U.S.C. § 203(r), thus bringing Gold Star Chili within the purview of the Act.

29 U.S.C. § 203(r) provides in part:

(r) 'Enterprise' means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements . . . .

29 U.S.C. § 203(s) states in pertinent part:

(s) 'Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise which has employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and which—

(2) is an enterprise which is comprised exclusively of one or more retail or service establishments, as defined in section 213(a)(2) of this Title, and whose annual gross volume of sales made or business done [exceeds the amounts designated above].

■ In order to find that defendant is covered by the Act, we need, therefore, to find: (1) an enterprise; (2) gross volume sales over the designated amount; and (3) two or more employees engaged in commerce or in the production of goods for commerce. *Wirtz v. Columbian Mutual Life Insurance Company,* 380 F.2d at 905–06. The only real question in this case is whether defendant Gold Star Chili and the Rakan Company, Inc., doing business as Caruso's Ristorante, together constitute an enterprise for purposes of the Act. If there is such an enterprise, it is conceded that the gross volume sales exceed the amount designated in the statute and that there are two or more employees engaged in commerce or in the production of goods for commerce. If they do not together constitute an enterprise, the gross volume sales of Gold Star Chili do not reach the amount designated in the statute and Gold Star Chili would not be covered by the Act.

Because this question is before us on motion for summary judgment, the narrow question which we must decide is whether there is "no genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered only to determine whether there are issues to be tried. 10 Wright & Miller, *Federal Practice and Procedure: Civil,* § 2712 at 379 (1973). The moving party "has the burden of showing *conclusively* that there exists no genuine issue as to a material fact and that the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.1979) (emphasis original).

■ We have carefully reviewed the pleadings and the affidavits filed in support of the parties' positions and find that the material facts are largely undisputed and that the only issues before the Court are the legal conclusions to be drawn therefrom. The question, therefore, of whether the facts presented establish the existence of an enterprise within the purview of the Act is a question of law to be decided by the Court. *Brennan v. Plaza Shoe Store,* 522 F.2d 843, 846 (8th Cir.1975).

Three elements must be found to coexist if Gold Star Chili and the Rakan Company, doing business as Caruso's Ristorante, are to be considered a single enterprise: (1) related activities; (2) unified operation or common control; and (3) a common business purpose. *See Brennan v. Arnheim & Neely, Inc.,* 410 U.S. 512, 518, 93 S.Ct. 1138, 1142, 35 L.Ed.2d 463 (1973); *Wirtz v. Columbian Mutual Life Insurance Company,* 380 F.2d 903, 905 (6th Cir.1967).

In support of his contention that Gold Star Chili and Caruso's Ristorante constitute an enterprise, plaintiff alleges that Caruso's Ristorante and Gold Star Chili were engaged in the related business activity of preparing and serving food and beverages to the public, that defendant Rakan O. Shteiwi had control over both establishments, and that Gold Star Chili and Caruso's Ristorante both served the common business purpose of preparing and serving food and beverages to the public. In support of its position plaintiff has submitted an affidavit prepared by a compliance officer of the Wage and Hours and Public Contracts Division of the Department of Labor wherein she concluded after an investigation that Rakan O. Shteiwi was in control of both restaurants and that both establishments were engaged in the related activities and common business purposes of preparing and serving food and beverages to the public.

In his motion for summary judgment defendant argues that his Gold Star Chili establishment and Caruso's Ristorante do not constitute an enterprise under the Act and that because the gross sales of defendant Gold Star Chili has never exceeded $175,000.00 in any year, defendant Gold Star Chili by itself does not come within the purview of the act. In support of his argument he asserts that the activities of Gold Star Chili and Caruso's Ristorante are totally unrelated; their only connection is that defendant is the proprietor of Gold Star Chili and also owns the stock of the corporation which owned and operated Caruso's Ristorante which has been out of business since December of 1981. The two operations had separate physical locations many

miles apart, they were located in different counties, they had no public identification, neither contributed to the image or operations of the other and each served different customers with different products at substantially different prices. Further, there was no connection between these two business operations through their business activities. Even though they both served food, the food was totally different. One was a full-service restaurant with liquor, the other a fastfood operation. They had no common employees. They made no joint purchases of food. All auxiliary support was separate, as were all other elements of the operation including telephone numbers and governmental identification numbers. The businesses maintained separate bookkeeping, separate mailing addresses, telephone numbers and office facilities. Taxes were paid separately. They had no joint leases or ownership of property. None of these facts asserted by defendant are disputed by the plaintiff.

The phrase "related activities" is not defined in the Act itself. Most courts, however, have looked to the legislative history to determine the meaning of the word "related" in Section 203(r). *See Brennan v. Plaza Shoe Store, Inc.,* 522 F.2d 843, 847 (8th Cir.1975); *Brennan v. Veterans Cleaning Service, Inc.,* 482 F.2d 1362, 1366 (5th Cir.1973); *Wirtz v. Columbian Mutual Life Insurance Company,* 380 F.2d 903, 906 (6th Cir.1967). The report of the Senate Committee on Labor and Welfare, Senate Report No. 145, 87th Cong., 1st Sess., 2 U.S.C. Cong. & Admin.News (1961), pp. 1620, 1660 states among other things that activities are considered related when they are "the same or similar." This is the language relied on by plaintiff to support his argument that the activities of Gold Star Chili and Caruso's Ristorante are related so as to constitute an enterprise under the Act. We find, however, that under the facts presented the activities of Gold Star Chili and Caruso's Ristorante are not the same or similar so as to constitute an enterprise under the Act. Neither do the activities fit within any of the other examples of related

activities set forth in the Senate report. Plaintiff cites a number of cases in support of his argument, but in all of those cases the facts indicate a much greater relationship than that which is shown in this case. It is clear that something more is required than is shown by the facts of this case. For instance in *Brennan v. Plaza Shoe Stores, Inc., supra,* cited by plaintiff, the shoe store and dress shop constituting an enterprise operated out of the same location and had a common entrance. There also were joint promotions, joint inventory purchases, joint billing and other indicia of an enterprise. In *Wirtz v. Columbian Mutual Life Insurance Company,* the Court found that the Columbian Mutual Life Insurance Company and its maintenance and custodial business operating at the Columbian Mutual Tower Building were related activities constituting an enterprise primarily because the life insurance company's ownership and maintenance of the office building furthered its insurance business. 380 F.2d at 907. In this case, however, the only common elements are that defendant Rakan O. Shteiwi owns an interest in both establishments and both serve some type of food. The Act, however, treats as separate enterprises, businesses which are unrelated to each other even if they are operated by the same employer. 29 C.F.R. § 779.203. We find that the food and beverages served by the two establishments are of such a different type that they are not related for purposes of finding an enterprise under the Act.

Further, even if we were to find related activities, there clearly is no common business purpose. The term common business purpose "encompasses activities . . . which are directed to the same business objective or to similar objectives in which the group has an interest." 29 C.F.R. § 779.213. It is settled law that a profit motive alone will not justify the conclusion that even related activities are performed for a common business purpose. *Wirtz v. Columbian Mutual Life Insurance Company,* 380 F.2d 903, 907 (6th Cir.1967). In a situation such as this, in which the Court has concluded that there are no related activities, the fact of common ownership of the two businesses clearly is not sufficient to establish a common business purpose. Whether or not defendant Rakan O. Shteiwi exercised common control over both businesses is a question we need not decide. Because the activities of the two businesses are not related and there is no common business purpose, the question of common control is not determinative.

Defendant also moves to dismiss the action on the ground that because Caruso's Ristorante now is out of business, and has been since December of 1981, any alleged enterprise has not existed since that time. Defendant alleges that the complaint seeks prospective relief only and that because Caruso's Ristorante is no longer in existence, prospective relief is inappropriate. Because we have concluded that defendant is not subject to the Fair Labor Standards Act, we find it is not necessary to determine damages that would be appropriate for a violation of that Act.

For the reasons set forth above defendant's motion to dismiss the complaint is hereby granted.

SO ORDERED.