

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 7, 1990

Mr. Ron Lindsey
Commissioner
Texas Department of Human
 Services
P. O. Box 149030
Austin, Texas   78714-9030

Opinion No.   JM-1203

Re:   Sick leave for adopting
parents    (RQ-1829)

Dear Mr. Lindsey:

You ask whether  the employee leave  provisions in  the General Appropriations  Act  require or  authorize  a  state agency to grant sick leave to an employee adopting a  child. The appropriations  act  contains a  provision  setting  out circumstances under which sick leave with pay may be taken:

> Sick leave with pay  may be taken when  sick-ness, injury,  or pregnancy  and  confinement prevent the employee's performance of duty or when the  employee  is  needed  to  care  and assist a member of  his immediate family  who is actually ill.  For  purposes relating  to regular  sick  leave,  immediate  family  is defined  as  those  individuals  related  by kinship,  adoption,  marriage  or  foster children who are so certified by the  Depart-ment of  Human  Services who  are  living  in the same household  or  if not  in  the  same household  are  totally  dependent  upon  the employee for personal care  or services on  a continuing basis.

Acts 1989, 71st  Leg., ch.  1263, art. V,  § 8(3),  at  5764. That provision  authorizes use  of  sick leave  for  medical conditions related  to pregnancy  and childbirth.   Attorney General Opinion JM-337 (1985).  It does not authorize use of sick leave for adoption of a child.  Id.

You ask, however, whether the following  appropriations act provision  mandates  or authorizes  leave  for  adoptive parents:

> Pregnancies . . . shall be treated as any
> other temporary disability. Each case shall
> be evaluated on its own merit.

Acts 1989, 71st Leg., ch. 1263, art. V, § 8(6), at 5766. That language is enigmatic since adoption of a child would not normally be considered a disability.

The language in question first appeared in the appropriations act adopted in 1985. General Appropriations Act, Acts 1985, 69th Leg., ch. 980, art. V, § 8f, at budget 483. A version of the appropriations act for that year proposed by the House Committee on Appropriations contained more specific language regarding leave for adoptive parents:

> A male or a female employee who adopts a
> child younger than three years of age is
> entitled to use his or her accrued sick leave
> for the purpose of establishing a family
> environment for the child and for bonding
> that relationship during any period not to
> exceed six weeks and beginning within a
> one-month period after the date that the
> child is placed in the home of the adoptive
> parent.

House Committee on Appropriations, C.S.H.B. 20, art. V, § 8n (April 15, 1985). The Conference Committee deleted that language and added the provision stating that pregnancies or adoption of a child under three years of age should be treated as any other temporary disability. Conference Comm. Report, H.B. 20, 69th Leg. (1985).

The only statement we have found in the legislative history of the 1985 appropriations act in regard to that provision was part of a resolution adopted to allow the House to act upon certain matters in the Conference Committee Report:

> This change would bring state regulations
> into conformance with federal law which
> requires maternity to be treated as any other
> temporary disability.

H.C.R. 257, 69th Leg. (1985). The relevant federal law, 42 U.S.C. § 2000e(k), provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." See also 29 C.F.R. § 1604.10(b). In other words, the federal law requires employers to treat pregnancy and related medical conditions

the same as other medical disabilities. See 29 C.F.R. Pt. 1604, Appendix - Questions and Answers on the Pregnancy Discrimination Act, Pub. L. 95-555, 92 Stat. 2076 (1978). It does not require leave for new parents who did not give birth.[1] Because the language in the appropriations act regarding adoption was not necessary to achieve the stated purpose of bringing the state into compliance with the federal law, the federal law provides no guidance in interpreting that language.

Even though the language regarding adoption seems misplaced in a provision addressed to treatment of disabilities, the legislature obviously intended that the language about adoption mean something. We conclude therefore, that a state employee who adopts a child under three years of age is entitled to use sick leave. The difficult question is how much leave an adoptive parent is entitled to. The plain language of the rider approaches the ridiculous. It states that adoption is to be treated as "any other temporary disability" and then directs the agency to evaluate each case on its own merits. While there might be little difficulty in evaluating an actual temporary disability "on its own merits," it is manifestly impossible to apply temporary disability standards to something which is not in fact a disability. In our opinion, the soundest approach is to disregard the "temporary disability" language and apply the standard that each case should be evaluated on its merits.

The specific amount of sick leave permitted should be determined by the head of the specific agency, but we believe that a standard of reasonableness must be applied in each case. Ordinarily, it would not seem reasonable to grant to adoptive parents a greater amount of sick leave than is allowed by that agency to natural mothers for pregnancy and childbirth. Until the legislature has provided more guidance in this matter, the amount of leave granted will of necessity vary, based on the individual case and on the liberality of the policies of a particular agency.

You also ask whether adoptive or natural fathers may use sick leave in order to form an emotional bond with a child. In regard to leave for adoptive fathers, the

---

1. Pending federal legislation would require some employers to provide unpaid leave for all new parents. H.R. 770, 101st Cong., 2d Sess., 136 Cong. Rec. 2218 (1990) (passed in the House).

appropriations act rider providing for adoptive leave applies to an employee of either sex who adopts a child. By contrast, nothing in the appropriations act however, authorizes natural parents to use sick leave to care for a healthy newborn.[2] Natural mothers, of course, may use sick leave for their recovery.

You then ask whether allowing disability leave for pregnancy and childbirth to natural mothers but not natural fathers is in conflict with Title 42, section 2000e-2 of the United States Code, which prohibits discrimination in the conditions of employment on the basis of sex. The United States Supreme Court has made clear that it does not. California Fed. Sav. & Loan Ass'n. v. Guerra, 479 U.S. 272 (1987); see also Record v. Mill Neck Manor Lutheran School for the Deaf, 611 F. Supp. 905 (E.D.N.Y. 1985) (act does not protect people wishing to take child-rearing leave as opposed to women wishing to take pregnancy leave). See generally Strimling, The Constitutionality of State Laws Providing Employment Leave for Pregnancy: Rethinking Geduldig after Cal Fed, 77 Cal. L. Rev. 171 (1989).

You also ask about chapter 106 of the Civil Practices and Remedies Code, which prohibits the state from denying a benefit because of sex.[3] We think that a Texas court would adopt the analysis of the United States Supreme Court and conclude that allowing disability leave for pregnancy and childbirth does not constitute denial of a benefit to men because of their sex.[4] See Geduldig v. Aiello, 417 U.S. 484

---

2.  A parent may use sick leave to care for a sick child of any age. Acts 1989, 71st Leg., ch. 1263, art. V, § 8(3), at 5764.

3.  The Texas act, unlike the federal act, does not explicitly prohibit discrimination based on pregnancy.

4.  The difference in treatment here is between natural parents and adoptive parents. That is a distinction based not on gender, but on parental status. You do not ask, and we do not consider, whether such disparate treatment violates the equal protection clause. See generally Geduldig v. Aiello, 417 U.S. 484 (1974) (pregnancy-based classification is not sex based classification for purposes of equal protection clause because it divides potential beneficiaries into two groups: pregnant women and non-pregnant women). Nor do we address whether the Texas Equal Rights Amendment, Tex. Const. art. I, § 3a, requires
(Footnote Continued)

(1974); <u>General Elec. Co. v. Gilbert</u>, 429 U.S. 125,  135-36 (1976) (pregnancy based discrimination is not discrimination based on sex).

## S U M M A R Y

An appropriations act provision  stating that pregnancy and adoption of a child  under three years of age are  to be treated as  any other disability means that a state  employee who adopts a child  under three years of  age is to be treated as  if he or she had  undergone pregnancy and childbirth.  Therefore, an employee who adopts a child under three years of age may use the amount of sick leave  that would be necessary to recover from  pregnancy and childbirth.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

---

(Footnote Continued)
that some  type  of  leave  be  made  available  to  natural fathers.