**Martha R. WALLACE, Plaintiff,**

v.

**PYRO MINING COMPANY, Defendant.**

**Civ. A. No. 89–0016–O(CS).**

United States District Court,
W.D. Kentucky,
Owensboro Division.

Aug. 27, 1990.

**3.** *See* W. Bertelsman & K. Philipps, *Kentucky Practice* 16C (1984).

Alan Stout, Marion, Ky., and Mark C. Whitlow, Whitlow, Roberts, Houston & Russell, Paducah, Ky., for plaintiff.

Carl B. Boyd, Jr., Henderson, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

SIMPSON, District Judge.

Defendant moves for summary judgment on the grounds that plaintiff's complaint fails to state any claim of gender-based discrimination upon which relief can be granted. For the reasons set forth herein, the motion is GRANTED.

### I

The following facts are undisputed. Plaintiff was employed by Pyro Mining Company ("Pyro") as an accounting clerk. In 1986 she became pregnant. Due to complications associated with her pregnancy, plaintiff took disability leave beginning January 16, 1987. Her child was born February 10, 1987. Her doctor released her to return to work on March 27, 1987.

Toward the anticipated end of her maternity leave, on March 23, 1987, plaintiff requested an additional six-week leave of absence. The reason she sought the additional leave was unrelated to any disability or medical condition associated with pregnancy or childbirth. Rather, her request was for personal leave, based on her inability to wean her child from breast-feeding. Her six-week-old infant refused a bottle and "tenaciously insisted on breast-feeding, to the exclusion of all other food." Plaintiff's supervisor and Pyro's personnel director were initially receptive to the idea of the personal leave, but by March 26 decided against granting it. Plaintiff's supervisor informed her on or about March 26 that her request for additional leave would not be granted. Plaintiff was informed that her failure to return to work on March 27, as previously scheduled, would result in termination. Nevertheless, plaintiff did not return to work on March 27. She injured her ankle on March 28, 1987, and her doctor released her to return to work April 13, 1987. She did not return to work on that day either, and Pyro discharged her. Pyro replaced her with another female.

Plaintiff contends that Pyro's refusal to extend her leave of absence constitutes discrimination on the basis of sex, pursuant to Title VII, 42 U.S.C. § 2000e *et seq.*

### II

Although not specifically relied upon by plaintiff, it appears, from her memorandum opposing Pyro's summary judgment motion, that she intended to bring her claim under 42 U.S.C. § 2000e–2(a)(1). That provision prohibits discrimination "against any individual with respect to ... conditions of ... employment ... because of sex...." Further, although she does not expressly say so, it appears that this is a "disparate impact" rather than a "disparate treatment" case. For example, in her opposing memorandum, plaintiff contends that "defendant's decision [to deny requests for personal leave for breast-feeding] has an *adverse impact* only on women and therefore is an employment decision based on sex." (Emphasis added)

We need not scrutinize plaintiff's complaint to see if it passes muster under traditional disparate-impact analysis. That question is foreclosed by the United States Supreme Court's decision in *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). In *Gilbert,* the Court rejected the argument that it was impermissible sex discrimination for an employer to exclude pregnancy from those conditions for which disability benefits would be paid. Despite the fact that only women would be adversely affected by the exclusion, the Court found it "impossible to find any gender-based discriminatory effect" merely because the disability-benefits plan was less than all-inclusive. The Court reasoned that so long as men and women

were treated the same for purposes of those benefits which the plan conferred, there was no actionable disparate impact claim under Title VII, even though a uniquely female condition, pregnancy, was excluded.

■ We see no significant difference between the situation in *Gilbert* and the case here. Pyro's decision does not deny anyone personal leave on the basis of sex—it merely removes one situation, breast-feeding, from those for which personal leave will be granted. While breast-feeding, like pregnancy, is a uniquely female attribute, excluding breast-feeding from those circumstances for which Pyro will grant personal leave is not impermissible gender-based discrimination, under the principles set forth in *Gilbert. See also Nashville Gas Co. v. Satty*, 434 U.S. 136, 98 S.Ct. 347, 352–54, 54 L.Ed.2d 356 (1977) (denial of sick leave for pregnancy, which would necessarily only adversely affect women, was not actionable sex discrimination, absent evidence that the pregnancy-based distinctions were mere pretexts to accomplish invidious discrimination against women).

If plaintiff has a cause of action, then it must be by virtue of some change in the law after *Gilbert.* The only change relevant to this decision came in the form of the Pregnancy Discrimination Act of 1978. That act was passed by Congress to fill the gap created by the Supreme Court's decision in *Gilbert.* The Pregnancy Discrimination Act is codified at 42 U.S.C. § 2000e(k). That provision expanded the definition of the Title VII phrases "because of sex" and "on the basis of sex" to include "because of or on the basis of pregnancy, childbirth or related medical conditions." Pursuant to the Act, women "affected by pregnancy, childbirth or related medical conditions shall be treated the same ... as other persons not so affected but similar in their ability or inability to work...." When read together with § 2000e–2(a)(1), the Pregnancy Discrimination Act makes it illegal to discriminate "against any individual with respect to ... conditions of ... employment ... because of or on the basis

of pregnancy, childbirth or related medical conditions."

■ Nothing in plaintiff's case states a claim under Title VII as amended by the Pregnancy Discrimination Act. Pyro's decision to deny her request for additional leave, assuming that such leave is a "condition of employment," was not because of her "pregnancy, childbirth or related medical conditions." It was based instead on Pyro's policy that breast-feeding would not be grounds for granting personal leave. This circumstance simply does not entitle plaintiff to the protections of the Pregnancy Discrimination Act.

Such a conclusion is mandated by the plain language of the act, and by its legislative history. While it may be that breast-feeding and weaning are natural concomitants of pregnancy and childbirth, they are not "medical conditions" related thereto. Admittedly, the act does not define what constitute "related medical conditions." However, the substantive references to "related medical conditions" within that legislative history are all in the context of the extent to which female employees can be denied medical benefits, such as sick leave and health insurance coverage, arising from pregnancy and childbirth. Further, Congress' express intent was to codify pre-*Gilbert* EEOC guidelines that required "employers to treat *disabilities* caused or contributed to by pregnancy, miscarriage, abortion, childbirth and recovery therefrom as all other temporary disabilities." H.R. No. 948, 95th Cong. 2, *reprinted in* 1978 U.S.Code Cong. & Admin.News, 4749, 4750 (emphasis added). We believe these factors indicate Congress' intent that "related medical conditions" be limited to incapacitating conditions for which medical care or treatment is usual and normal. Neither breast-feeding and weaning, nor difficulties arising therefrom, constitute such conditions.

We find further guidance from the following language: "[I]f a woman wants to stay home to take care of the child, no benefit must be paid because this is not a medically determined condition related to pregnancy." H.R. No. 948, 95th Cong. 5,

*reprinted in* 1978 U.S.Code Cong. & Admin.News, 4749, 4753. Nothing in the Pregnancy Discrimination Act, or Title VII, obliges employers to accommodate the child-care concerns of breast-feeding female workers by providing additional breast-feeding leave not available to male workers. If Congress had wanted these sorts of child-care concerns to be covered by Title VII or the Pregnancy Discrimination Act, it could have included them in the plain language of the statutes. It did not. It is not the province of this court to add to the legislation by judicial fiat.

Finally, we find further guidance in the case of *Barrash v. Bowen,* 846 F.2d 927 (4th Cir.1988). There the Fourth Circuit concluded that a denial of discretionary breast-feeding leave did not give rise to a disparate-impact claim. The Fourth Circuit also noted that for purposes of the Pregnancy Discrimination Act, "pregnancy and related conditions must be treated as illnesses only when incapacitating." The court rejected the notion that there was any valid comparison between incapacitated workers and "young mothers wishing to nurse little babies." We agree. Neither Title VII, nor the Pregnancy Discrimination Act intended to make it illegal for an employer to deny personal leave to a female worker who requests it to accommodate child-care concerns.

Plaintiff contends that a material issue of fact exists with respect to whether "emotional nightmares" associated with the weaning process constitute a "medical condition" related to pregnancy or childbirth under the Pregnancy Discrimination Act. We disagree. Whether such a circumstance is within the scope of the language of the act is a question of law, which the court is free to decide in ruling on the summary judgment motion. *Oklahoma ex rel Dept. of Human Serv. v. Weinberger,* 741 F.2d 290, 291 (10th Cir.1983); *Donovan v. Shteiwi,* 563 F.Supp. 118, 120 (S.D.Ohio 1983), *aff'd,* 738 F.2d 438 (6th Cir.1984).

Plaintiff also argues that questions of fact exist with respect to Pyro's "business motivation" for denying plaintiff personal leave. However, the question of business motivation is immaterial unless plaintiff establishes a *prima facie* case of gender-based discrimination.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 151–60, 90 S.Ct. 1598, 1605–10, 26 L.Ed.2d 142 (1970); *Felix v. Young,* 536 F.2d 1126, 1134 (6th Cir.1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

We conclude that in this case, no material issue of fact exists and that Pyro has established it is entitled to judgment as a matter of law.