951 F.2d 351
 58 Fair Empl.Prac.Cas. (BNA) 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martha Rene WALLACE, Plaintiff-Appellee,
v.
PYRO MINING COMPANY, Defendant-Appellant.
 No. 90-6259.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and JAMES HARVEY, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a district court order granting summary judgment for the defendant, Pyro Mining Company (Pyro), in this employment discrimination case brought by Martha Rene Wallace (Wallace) under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2(a)(1). We AFFIRM.
 
 
 2
 Pyro employed Wallace as an accounting clerk. After becoming pregnant, Wallace took a disability leave on January 16, 1987 because of complications with her pregnancy. On February 10, 1987, she gave birth.
 
 
 3
 Wallace's doctor released her to work on March 27, 1987. Yet, because her baby would only breast-feed, refusing bottles, Wallace asked Pyro on March 23, 1987 whether it would allow her to take six weeks of leave without pay. Pyro refused the request on March 26, 1987, and directed her to return to work on March 30, 1987. On March 28, 1987, Wallace severely sprained her ankle. Her doctor did not release her to work until April 13, 1987. When Wallace refused to return to work because she feared for her baby's health, Pyro fired her.
 
 
 4
 Eventually, after receiving a right-to-sue letter from the Equal Employment Opportunity Commission, Wallace brought suit against Pyro in the district court alleging discrimination on the basis of sex. Pyro filed a motion for summary judgment, which the district court granted, first characterizing Wallace's claim as a disparate impact claim, then holding that Title VII does not protect a woman who must leave work to care for a child.
 
 
 5
 Title VII makes it unlawful for an employer to discriminate against any person with respect to the terms and conditions of employment because of, or on the basis of, the person's sex. 42 U.S.C. § 2000e-2(a)(1). The federal courts have developed two methods for showing discrimination on the basis of sex.
 
 
 6
 First, a plaintiff may assert a disparate treatment claim. Under this theory, a plaintiff must simply show that the employer treats women less favorably than men because of their sex. "Proof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment." International Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977). Wallace argues that the Preganancy Discrimination Act, which states that discrimination based on "pregnancy, childbirth, or related medical conditions" is discrimination based on sex under Title VII, applies to this situation. Wallace has failed to produce evidence supporting her contention that breastfeeding her child was a medical necessity. Thus, this Court does not need to reach the issue of the Pregancy Discrimination Act's applicability.
 
 
 7
 Second, a plaintiff may assert a disparate impact claim. Disparate impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." Id. The plaintiff in a disparate impact case need not prove discriminatory motive. Thus, whether Wallace sought to recover under the disparate treatment theory or the disparate impact theory, she had to show that Pyro treated women less favorably than men, either intentionally or unintentionally, with respect to requests for leaves of absence. She failed to make such a showing.
 
 
 8
 At her deposition, Wallace testified that Pyro had previously granted one woman's request for a leave of absence to nurse her baby, and had granted another woman's request for a leave because her son had been hospitalized. Moreover, Pyro's manager of employee relations indicated in an affidavit that only three employees--two women and one man--had received unpaid leaves of absence of thirty days or longer from January 1, 1982 to April 13, 1987. Hence, because Wallace fails to cite evidence showing that Pyro treated women less favorably than men with respect to requests for leaves of absence, she does not meet her burden.
 
 
 9
 Accordingly, the district court's order granting summary judgment is AFFIRMED.
 
 
 
 *
 The Honorable James Harvey, Senior Judge of the United States District Court for the Eastern District of Michigan, sitting by designation