**Shelly ROBERTS, Plaintiff,**

v.

**UNITED STATES POSTMASTER GENERAL, Defendant.**

**No. 3:92 CV 62.**

United States District Court,
E.D. Texas,
Paris Division.

Dec. 3, 1996.

Jim Clements, Sherman, TX, for plaintiff.

Steven MacArthur Mason, Asst. U.S. Attorney, U.S. Attorney's Office, Tyler, TX, for defendant.

## ORDER

JUSTICE, District Judge.

### I. Introduction

Defendant United States Postmaster General ("Postmaster") has moved for partial dismissal and summary judgment in the above-entitled and numbered civil action. For the following reasons, it is found that the motion should be granted in part and denied in part.

### II. Background

This action is brought by Shelly Roberts against her former employer, the United States Postmaster, for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Roberts began working with the United States Postal Service in McKinney, Texas, in May 1987. In 1987, she gave birth to a premature child with numerous medical complications. Roberts asserts that the Postal Service allowed her to use her sick days to attend to the medical needs of her child. In 1988, however, the new Postmaster for McKinney, Texas, Ken Holland, would no longer allow Roberts to utilize her accumulated sick leave to attend to the medical needs of family members. Furthermore, Roberts claims that Holland "engaged in repeated unwelcome sexual advances toward" Roberts, which Roberts refused, and that after she refused these advances, Holland modified Roberts' regular schedule, thereby forcing her to work "erratic hours." Finally, Roberts claims she was forced to resign from her employment on September 2.

Roberts raises the following claims, pursuant to Title VII: (1) constructive discharge; (2) sexual harassment; (3) subjection to a hostile working environment; and (4) implementation of policies with an adverse impact on female employees. Roberts has withdrawn her state law claims in addition to her attorney's fees claims. *See Order,* Dec. 21, 1994. Moreover, her claims against the Postal Service were dismissed on the ground that the court does not have jurisdiction over the Postal Service as to Title VII claims. *Order,* Feb. 8, 1993.

The Postmaster's motion seeks dismissal or summary judgment of all four of Roberts' claims. First, the Postmaster argues that Roberts has failed to exhaust her constructive discharge claim. Second, the court has no jurisdiction over Roberts' sexual harassment and hostile working environment claims by reason of the fact that she is not seeking reinstatement. Third, Roberts has failed to allege facts to support her adverse impact claim. Each of these arguments will be addressed in turn.

### III. Legal Standards

#### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the court to dismiss a claim on the basis of dispositive law. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *O'Quinn v. Manuel,* 773 F.2d 605, 608 (5th Cir.1985). Rule 12(b)(6) does not countenance dismissals based on disbelief of a complaint's factual allegations. *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1832. However, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true." *Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir.1974) (citing *Ward v. Hudnell,* 366 F.2d 247 (5th Cir.1966)).

#### B. Summary Judgment

Summary judgment is proper under Fed. R.Civ.P. 56(c), "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law underlying the claims in

issue identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). When assessing a motion for summary judgment, the court must make all factual inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 975 (5th Cir.1991). Nevertheless, neither " 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)). Summary judgment, on occasion, allows the court to dispose entirely of one or more claims within the case. However, a court may also grant partial summary judgment by identifying any undisputed issues of material fact. Such facts are then deemed established for trial. Fed.R.Civ.P. 56(d); *see Belinsky v. Twentieth Restaurant, Inc.*, 207 F.Supp. 412 (S.D.N.Y.1962).

## IV. *Analysis*

### A. **Exhaustion of Administrative Remedies**

The Postmaster asks for summary judgment on Roberts' constructive discharge claim, on the ground that Roberts has not exhausted her administrative remedies. It is well settled that courts have no jurisdiction to consider Title VII claims in instances where the aggrieved party has not exhausted administrative remedies. *National Ass'n of Gov't. Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 711 (5th Cir.1994). Title VII requires employees to lodge initial complaints of discrimination with the employing agency within forty-five days of the alleged discriminatory event. 29 C.F.R. § 1614.105(a)(1) (1996). After a final agency decision is rendered, the employee may appeal to the EEOC. *Id.* at § 1614.106. Where misconduct by an EEO officer causes the employee's failure to comply with the EEO guidelines, the court may toll the time limits under established principles of equity. *See Wilson v. Secretary, Dept. of Veterans*

*Affairs*, 65 F.3d 402, 404 (5th Cir.1995) (listing the three central bases for tolling Title VII's administrative exhaustion requirements) (citing *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1302–03 (5th Cir. 1979)); 29 C.F.R. § 1614.604(c). The complaining party bears the burden of establishing the application of an equitable tolling principle. *Wilson*, 65 F.3d at 404.

The permissible scope of a complaint under Title VII is limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970). The Fifth Circuit more recently reaffirmed this rule, holding that "a judicial complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation...." *National Ass'n of Gov't. Employees*, 40 F.3d at 711 (internal quotations omitted).

The issue of exhaustion was raised by a previous summary judgment motion of the defendant. *See Order*, Feb. 8, 1993. The defendant argued that the plaintiff's suit should be dismissed by reason of her failure to exhaust her administrative remedies. As discussed in this previous order, Roberts alleges that she complained of sexual harassment and discrimination prior to her resignation with Franklin Banks, the Equal Employment Opportunity ("EEO") complaints processor for the Postal Service's Dallas division. Banks allegedly coerced her into dropping her claim, and threatened retaliation at work if she did not. *See Plaintiff's Response to Defendant's Motion to Dismiss or Alternatively for Summary Judgment, Affidavit of Shelly Roberts, Exh. A.* According to Roberts, after her meeting with Banks, Roberts was constructively terminated on September 2, and, in reliance on Banks' statements, Roberts did not re-file her EEO complaint. *Id.* In her response to the defendant's motion, Roberts also attached a letter sent to the EEOC on her behalf, which sets forth the above events. *Id.* at *Exh. B.* In his reply, the defendant submitted the affidavit of Banks, which disputes these allegations.

The court, upon consideration of this evidence, held that whether or not Roberts exhausted her administrative remedies raises a genuine issue for trial. Accordingly, the court denied the defendant's motion. *Order*, Feb. 8, 1993. In an order issued July 20, 1994, it was found that Roberts' Title VII claims must be tried to the court. *See Order*, July 20, 1994; *see also Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). The court also refused to revisit the exhaustion issue, holding that it remains a genuine issue for trial, regardless of the fact that the issue will now be tried to the court rather than to a jury.

In his second summary judgment motion, the defendant again argues that Roberts' claims should be dismissed for failure to exhaust her administrative remedies. In this second motion, the defendant focuses specifically on Roberts' constructive discharge claim, arguing that her alleged July 23, 1991, meeting with EEO Counselor Banks occurred prior to her date of resignation, and therefore, her resignation could not have been discussed in this meeting and she could not have exhausted her constructive discharge claim. In support of his motion, the defendant attaches a deposition of Roberts in which she states that she did not seek to file a complaint of discrimination with the EEO concerning her resignation from the Post Office.

Even though the defendant, in his present motion, focuses on Roberts' constructive discharge complaint, it is found that the issue of whether or not she exhausted this complaint was raised by the defendant in his original summary judgment motion and addressed by the court in the February 8, 1993 order. Because the defendant has previously moved for summary judgment on the issue of exhaustion, the defendant's motion will be construed as a motion for relief under Fed. R.Civ.P. 60(b). That Rule provides for relief from a previously issued order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). The defendant's most recent summary judgment motion was filed more than a year after the earlier order denying summary judgment on the exhaustion issue was entered. *Id.* As a result, grounds one through three shall not be considered. Moreover, even if these grounds were considered, it is found that the conditions for granting reconsideration have not been met. For example, the defendant cites to evidence not presented to the court in the previous summary judgment motion, yet fails to show how this evidence could not have been duly discovered by the time of the filing of the defendant's original summary judgment motion. Reasons four and five do not apply to the defendant's request for reconsideration; therefore, the motion will be evaluated under the sixth, catch-all category.

A decision under Rule 60(b) is within the trial court's discretion, *In re Jones*, 970 F.2d 36, 37 (5th Cir.1992), but relief under the sixth category is reserved for extraordinary circumstances. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64, 108 S.Ct. 2194, 2204–05, 100 L.Ed.2d 855 (1988); *Ackermann v. United States*, 340 U.S. 193, 202, 71 S.Ct. 209, 213–14, 95 L.Ed. 207 (1950). It is found that the grounds for summary judgment urged by the defendant on the issue of exhaustion do not rise to the level of extraordinary circumstances. Although the defendant raises new legal grounds for granting judgment, it was incumbent on the defendant to make clear in the first instance the precise relief desired. The defendant failed to raise these arguments in his original motion, and Rule 60(b) does not allow the defendant to supply these arguments after the fact.

## B. Jurisdiction

▮ The defendant's second argument is that the court lacks jurisdiction over Roberts' sexual harassment and hostile working environment claims because no relief is available to redress her injuries. Because the events underlying Roberts' suit occurred prior to the effective date of the 1991 amendments to Title VII, which allow for compensatory damages, Roberts is restricted to the traditional equitable remedies of reinstatement, back pay, and front pay, in addition to declaratory and injunctive relief. *See Garcia v. Elf Atochem North America,* 28 F.3d 446, 449–50 (5th Cir.1994). The defendant argues that equitable relief is unavailable because Roberts is not seeking reinstatement and does not allege that the defendant's sexual harassment has caused her to suffer monetary harm.

▮ The court's jurisdiction over Roberts' lawsuit is dependent on her ability to collect back pay. Neither declaratory nor injunctive relief is available to Roberts by reason of the fact that she is not seeking reinstatement and therefore lacks any present or future connection to the Postal Service. *See Id.; Hampton v. Internal Revenue Service,* 913 F.2d 180, 182 (5th Cir.1990). In order to establish back pay, a Title VII plaintiff must establish that she has suffered a monetary loss as a result of the defendant's discriminatory actions. *See Cuesta v. Texas Dept. of Criminal Justice,* 805 F.Supp. 451, 461 (W.D.Tex.1991) (holding that back pay is the difference between what the plaintiff earned as a consequence of the discrimination and what the plaintiff would have earned absent the discrimination). Roberts does not claim that the sexual harassment against her resulted in a direct decrease in wages. However, in addition to her sexual harassment claims, Roberts also filed a constructive discharge claim. Although the precise scope of her constructive discharge claim is unclear, it appears she is claiming that Holland, the local postmaster, engaged in repeated unwelcome sexual advances toward her, and that his sexual harassment, at least in part, was the cause of her constructive discharge. Back pay is available when an employee has been constructively discharged. *Cortes v. Maxus Exploration Co.,* 977 F.2d 195, 202 (5th Cir.1992). Therefore, while Roberts cannot seek relief for sexual harassment independent of her constructive discharge claim, to the extent her constructive discharge claim is dependent on her sexual harassment claims (which remains a fact issue for trial), her sexual harassment claims are not moot and the defendant's objections to these claims are found to be without merit.[1]

## C. Adverse Impact Claim

▮ Finally, the defendant argues for dismissal of Roberts' adverse impact claim. The defendant has a policy, in accordance with Postal Service regulations, of not allowing employees to use sick leave to attend to the medical needs of family members. Roberts claims that this policy of restricting the use of sick leave has an adverse impact on women. Roberts does not cite to any statistics in support of this claim, but instead argues that it is "a matter of common knowledge that in this society, and others, women generally are the primary child caregivers." As such, working women are adversely impacted by policies denying them the use of sick time to care for their children that have special medical needs.

▮ The defendant, on the other hand, argues that Roberts has failed to establish a disparate impact claim. Both genders are impacted by the defendant's sick leave policy. The defendant cites to excerpts from Roberts' deposition, in which she states that she does not know of anyone else who made a similar request for leave to take care of a sick child. She also states that she was the only female who "needed sick leave for other than [her]self." *Defendant's Corrected Motion for Partial Dismissal and for Summary Judgment.* The court, however, may not consider extrinsic evidence in ruling on a 12(b)(6) motion to dismiss. If such evidence is considered, the court is required to treat

---

**1.** On the other hand, if it is found that sex discrimination against Roberts was not the direct cause of her departure, back pay would be unavailable to Roberts and, consequently, her claims would have to be dismissed.

the motion as one for summary judgment and must give the parties an opportunity to present further materials on the motion. *See Jones v. Automobile Ins. Co.,* 917 F.2d 1528, 1532 (11th Cir.1990). It is found that Roberts has stated a claim for which relief could be granted.

Title VII, as amended by the Pregnancy Discrimination Act of 1978 (PDA), makes it illegal to discriminate against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex," 42 U.S.C. § 2000e–2(a)(1), which covers discrimination on the basis of "pregnancy, child birth, or related medical conditions." *Id.* at § 2000e(k). A plaintiff can raise a claim of disparate treatment or disparate impact under Title VII. Roberts raises the latter.

■ Several courts have considered the issue of disparate treatment and parental leave. All of these courts have held that parental leave claims—claims of leave that are not directly attributable to pregnancy, childbirth, or related medical conditions—are not covered under Title VII. *See, e.g., Piantanida v. Wyman Center, Inc.,* 927 F.Supp. 1226, 1238 (E.D.Mo.1996) (denying relief to mother seeking leave to take care of newly adopted child by reason that "new mother" is not a protected class under the PDA); *Barnes v. Hewlett–Packard Co.,* 846 F.Supp. 442, 443–45 (D.Md.1994) (holding that employer's failure to provide parental leave to female employee to care for child does not violate Title VII); *Wallace v. Pyro Mining Company,* 789 F.Supp. 867, 870 (W.D.Ky. 1990) (holding that employer's denial of leave to employee to breast feed her child did not violate PDA), *aff'd,* 951 F.2d 351, 1991 WL 270823 (6th Cir.1991); *Record v. Mill Neck Manor Lutheran School,* 611 F.Supp. 905 (E.D.N.Y.1985) (denying relief to female employee on ground that Title VII does not protect people wishing to take child-rearing leaves). As the court stated in *Record:*

> Title VII, as amended by the Pregnancy Discrimination Act, does not protect people wishing to take child-rearing leaves as opposed to women wishing to take pregnancy leaves.... A disservice is done to both men and women to assume that child-rearing is a function peculiar to one sex.

*Id.* at 907. Yet, in none of these cases was the court considering a disparate impact claim—a claim that a defendant's policy of denying parental leave has a disparate impact on women. The court in *Record,* for example, left this issue open. *Id.*

■ Title VII "proscribe[s] 'not only overt discrimination but also practices that are fair in form but discriminatory in practice.'" *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 645, 109 S.Ct. 2115, 2119, 104 L.Ed.2d 733 (1989) (quoting *Griggs v. Duke Power Co.,* 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971)). Unlike a disparate treatment case, a disparate impact case does not require proof of discriminatory intent. *Garcia v. Woman's Hosp. of Texas,* 97 F.3d 810, 812 (5th Cir.1996). A plaintiff needs only to establish that an employment practice "fall[s] more harshly on one group than another and cannot be justified by business necessity." *International Bhd. of Teamsters v. United States,* 431 U.S. 324, 335–36 n. 15, 97 S.Ct. 1843, 1854 n. 15, 52 L.Ed.2d 396 (1977). To establish a *prima facie* case of a disparate impact, a plaintiff must generally rely on statistical evidence to establish that the facially neutral employment practice has a disproportionate effect on a protected class. *See Wards Cove,* 490 U.S. at 650–51, 109 S.Ct. at 2121–22; *see also* 29 C.F.R. § 1607.4D ("A selection rate for any ... sex ... which is less than four-fifths (⅘) (or eighty percent) of the rate for the group with highest rate will generally be regarded by the Federal enforcement agencies as evidence of adverse impact...."). The protected class at issue here is women; "women with children" and "mothers of children with medical needs" are not protected classes under Title VII. *See, e.g., Maganuco v. Leyden Community High School Dist. 212,* 939 F.2d 440, 445 (7th Cir.1991); *Barnes v. Hewlett–Packard Co.,* 846 F.Supp. 442, 444 (D.Md.1994) ("All pertinent authorities since the inception of PDA are in accord that Title VII does not prohibit discrimination on the basis of child-rearing activities or parental leave.").

The defendant argues that Roberts is requesting special treatment because, under current postal regulations, all employees are treated equally. Both female and male employees are unable to use sick leave to attend to the medical needs of their children. The defendant, however, misconstrues the nature of a disparate impact claim. While an employer can violate Title VII by applying unequally a policy it does have, an employer can also violate Title VII by failing to provide an adequate policy—a policy which on its face is neutral, but which has a disparate impact on women. *Abraham v. Graphic Arts Intl. Union*, 660 F.2d 811, 819 (D.C.Cir.1981) ("[I]t takes little imagination to see that an omission may in particular circumstances be as invidious as positive action."). In *Abraham*, the defendant union allowed employees ten days of sick leave and ten days of vacation leave. The United States Court of Appeals for the D.C. Circuit held that the limitation of leave to ten days—a facially neutral policy—could have a disparate impact on women, and remanded the case to the district court for further determination.

The defendant thus confuses benefits with burdens. Admittedly, Postal Service employees are provided with the same benefits. The plaintiff, however, argues that the burdens of these benefits is what is disparate: women are forced to resign more often than men because of their more frequent role as child-rearers, and the failure of the defendant to allow employees to take time off to care for children disparately impacts women. It is exactly this type of harm that Title VII seeks to redress. The defendant's argument that under no set of facts could Roberts establish a disparate impact claim is erroneous.

Furthermore, the defendant argues that Roberts has failed to present statistically significant evidence of a disparate impact. Yet, this an inappropriate argument to make in support of a motion to dismiss. As discussed above, at issue in a motion to dismiss is the legal sufficiency, not the factual sufficiency, of a party's case. The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Roberts has claimed that the defendant's policy has a disparate impact on women. At this time, the court must accept this factual averment as true.

Because Roberts has not had an opportunity to be heard and to present materials in support of her position on a summary judgment motion relating to her disparate impact claim, it is not appropriate at this time to convert the defendant's Rule 12(b)(6) motion for dismissal into a Rule 56 motion for summary judgment. It appears, however, that the issue of disparate impact is ripe for consideration on summary judgment. This lawsuit was filed more than four years ago. In the spirit of expediting the resolution of this case, it is found that the parties shall submit briefs on the issue of whether the court should grant summary judgment to the defendant on Roberts' disparate impact claim. The defendant shall file his brief within twenty days from service of this order. Roberts shall then have twenty days from service of the defendant's brief to file her response. The defendant shall then have ten days from service of the plaintiff's brief to file his reply, if any.

## VI. *Conclusion*

Accordingly, it is **ADJUDGED** and **ORDERED** that the defendant's motion for partial dismissal and summary judgment shall be, and is hereby, **DENIED**. Further, it is **ORDERED** that the defendant shall submit a brief to the clerk of this court within twenty days from service of this order, on the issue of the plaintiff's disparate impact claim, briefing the grounds on which the court should grant summary judgment in favor of the defendant. The plaintiff shall then have twenty days from service of the defendant's brief to file her response.