[No. B117802. Second Dist., Div. Six. Oct. 26, 1998.]

JULIE WILLIAMS, Plaintiff and Appellant, v.
MACFRUGAL'S BARGAINS - CLOSE-OUTS, INC., Defendant and
Respondent.

## COUNSEL

William D. Evans for Plaintiff and Appellant.

Jackson, Lewis, Schnitzler & Krupman, David S. Bradshaw, Gary R. Basham and Kristin L. Cihak for Defendant and Respondent.

## OPINION

**YEGAN, J.**—Julie Williams appeals from the dismissal of her wrongful termination action against MacFrugal's Bargains - Close-outs, Inc. (MacFrugals, erroneously sued as PNS Stores, Inc.), entered after the trial court sustained a demurrer without leave to amend. The trial court concluded that the Fair Employment and Housing Act, which prohibits discrimination against pregnant workers (Gov. Code, § 12945, subd. (a)), does not apply to hysterectomies that are not directly related to pregnancy or childbirth.[1] We affirm.

### Facts and Procedural History

In 1996 appellant worked as a part-time cashier at MacFrugals and was denied a leave of absence for a "diagnostic hysterectomy." Appellant was terminated after the surgery because she had not worked enough hours to qualify for medical leave. MacFrugals encouraged her to reapply for employment as soon as she was able to resume her duties.

Appellant filed suit alleging pregnancy discrimination (§ 12945) and wrongful termination in violation of the Fair Employment and Housing Act (FEHA). The complaint alleged that MacFrugals discriminated against appellant because of her "medical condition which was related to pregnancy in violation of § 12945 of the California Government Code."

MacFrugals demurred on the ground that the "diagnostic hysterectomy" was not a pregnancy-related medical condition protected by the FEHA. The trial court ruled that "[t]here is no case law which supports the position that a female having [a] hysterectomy would come under the broad definition of medical condition relating to pregnancy under [the] FEHA." The court sustained the demurrer without leave to amend.

### FEHA

 Pregnancy discrimination is a form of sex discrimination under the FEHA. (*Carr* v. *Barnabey's Hotel Corp.* (1994) 23 Cal.App.4th 14, 17 [28

---

[1]All statutory references are to the Government Code.

Cal.Rptr.2d 127]; 1 Quackenbush, Wrongful Employment Termination Practice (Cont.Ed.Bar 1998) § 2.72, p. 51.) Section 12945 states in pertinent part: "It shall be an unlawful employment practice unless based upon a bona fide occupational qualification: [¶] (a) For any employer, because of the pregnancy, childbirth, or *related medical condition of any female employee,* to . . . discharge her from employment or . . . to discriminate against her in compensation or in terms, conditions, or privileges of employment." (Italics added.)

Appellant asserts that the phrase "related medical condition" includes any medical condition involving a woman's reproductive organs.

The Fair Employment and Housing Commission defines the phrase "related medical condition" to be "any medically recognized physical or mental condition that is related to pregnancy or childbirth." (Cal. Code Regs., tit. 2, § 7291.2, subd. (p).) Appellant has cited no authority, and we have found none, holding that section 12945 applies to medical conditions other than those directly related to pregnancy or childbirth. Appellant, however, contends that "related medical condition" should be broadly construed to include any medical condition involving a woman's reproductive organs. The complaint, however, does not allege what "medical condition" exists. As we shall explain, the phrase "pregnancy, childbirth, or related medical condition" limits the reach of section 12945 to medical conditions directly related to pregnancy or childbirth.

*Statutory Construction*

There is no question but that the Pregnancy Discrimination Act (PDA) (42 U.S.C. § 2000e(k)) is a remedial statute and should be liberally construed. (*Ford Dealers Assn.* v. *Department of Motor Vehicles* (1982) 32 Cal.3d 347, 356 [185 Cal.Rptr. 453, 650 P.2d 328].) " 'Related' is a generous choice of wording, suggesting that interpretation should favor inclusion rather than exclusion in the close case." (*Pacourek* v. *Inland Steel Co.* (N.D.Ill. 1994) 858 F.Supp. 1393, 1402.) This, however, is not a "close case." The phrase "related medical conditions" cannot reasonably be construed to cover "indirect" related medical conditions, such as a "diagnostic hysterectomy" performed years after childbirth.

The general phrase "related medical conditions" has reference to the specific enumeration of pregnancy and childbirth. "[W]hen a general term follows a specific one, the general term should be understood as a reference to subjects akin to the one with the specific enumeration." (*Norfolk & Western R. Co.* v. *Train Dispatchers* (1991) 499 U.S. 117, 129 [111 S.Ct.

1156, 1163, 113 L.Ed.2d 95, 107].) This is a restatement of the rule attributed to Lord Tenterden, i.e., *ejusdem generis:* " ' "[W]here general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated." ' " (*Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1160 [278 Cal.Rptr. 614, 805 P.2d 873].) ■ By reason of this rule of statutory construction, the medical condition must be connected to pregnancy or childbirth, i.e., the condition must flow directly therefrom. This rule of statutory construction controls unless a contrary legislative intent is apparent. (*Moore* v. *California State Bd. of Accountancy* (1992) 2 Cal.4th 999, 1012 [9 Cal.Rptr.2d 358, 831 P.2d 798].)

## Pregnancy Discrimination Act

■ Because appellant's FEHA claim is analogous to a title VII claim (42 U.S.C. § 2000e), it may be evaluated under federal law interpreting title VII cases. (*University of Southern California* v. *Superior Court* (1990) 222 Cal.App.3d 1028, 1035 [272 Cal.Rptr. 264].) "Section 701(k) of Title VII, as amended in 1978 by the Pregnancy Discrimination Act ('PDA'), makes it unlawful for an employer to discharge or otherwise discriminate against a woman because she is pregnant. 42 U.S.C. §§ 2000e(k) and 2000e-2(a) (1982)." (*E.E.O.C.* v. *Hacienda Hotel* (9th Cir. 1989) 881 F.2d 1504, 1511.)

Section 12945 is based on the PDA. (*Pallas* v. *Pacific Bell* (9th Cir. 1991) 940 F.2d 1324, 1327.)[2] In *California Federal S. & L. Assn.* v. *Guerra* (1987) 479 U.S. 272, 289-290 [107 S.Ct. 683, 693-694, 93 L.Ed.2d 613, 628-629] (*Guerra*) the Supreme Court held that section 12945, like the PDA, promotes equal employment opportunity and ensures that pregnant women do not lose their jobs. "We emphasize the limited nature of the benefits § 12945(b)(2) provides. The statute is narrowly drawn to cover only the period of *actual physical disability* on account of pregnancy, childbirth, or related medical conditions." (479 U.S. at p. 290 [107 S.Ct. at p. 694, 93 L.Ed.2d at p. 629].)

Generally speaking, the federal courts have limited the PDA to employment discrimination based on pregnancy, the termination of a pregnancy, or childbirth. (E.g., *Turic* v. *Holland Hospitality, Inc.* (6th Cir. 1996) 85 F.3d 1211, 1214 [discharge of employee contemplating abortion violates PDA].)

---

[2] The PDA states in relevant part that "women affected by pregnancy, childbirth or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work . . . ." (42 U.S.C. § 2000e(k).)

"The plain language of the PDA does not indicate that 'related medical conditions' should be interpreted broader than the context of 'pregnancy' and 'childbirth.'" (*Krauel* v. *Iowa Methodist Medical Center* (S.D. Iowa 1995) 915 F.Supp. 102, 112.) Thus a medical disability is not protected by the PDA unless there is a direct link between the medical condition and the employee's pregnancy. (E.g., *Wallace* v. *Pyro Min. Co.* (W.D.Ky. 1990) 789 F.Supp. 867, 869 [denial of personal leave for breast-feeding does not violate PDA]; *Barrash* v. *Bowen* (4th Cir. 1988) 846 F.2d 927, 931-932 [same]; *Troupe* v. *May Dept. Stores Co.* (7th Cir. 1994) 20 F.3d 734, 738 [PDA does not require employers to offer maternity leave]; *Jirak* v. *Federal Exp. Corp.* (S.D.N.Y. 1992) 805 F.Supp. 193, 195 [disability caused by menstrual cramps not protected by PDA].)

Appellant's reliance on *Pacourek* v. *Inland Steel Co.*, *supra*, 858 F.Supp. 1393, *Cleese* v. *Hewlett-Packard Co.* (D.Or. 1995) 911 F.Supp. 1312, and *Erickson* v. *Bd. of Governors of State Colleges* (N.D.Ill. 1995) 911 F.Supp. 316 is misplaced. There, the employers discriminated against female employees who wanted to become pregnant or intended to become pregnant in the near future. In *Cleese* v. *Hewlett-Packard Co.*, *supra*, 911 F.Supp. at page 1318, the United States District Court stated: "A claim under the PDA requires that the employer discriminate against the employee *because of* her pregnancy. It seems to this court that if the employer has the requisite intent to discriminate against an employee because she is currently pregnant or is planning to become so in the near future, it does not matter if she has actually physically conceived at the time of the discrimination."

 Here, the complaint alleges no facts that appellant intended to become pregnant, was pregnant, or terminated a pregnancy. Appellant argues that the failure to liberally construe section 12945 means that female employees will be punished for having hysterectomies. She asserts that a hysterectomy is related to pregnancy because it stops the ability to be pregnant. The short answer to this claim is that section 12945 and the PDA share one common goal: "to end discrimination against pregnant workers" (*Guerra*, *supra*, 479 U.S. 272, 286 [107 S.Ct. 683, 692, 93 L.Ed.2d 613, 626]), not to stop pregnancy.

It is not within the legitimate power of an appellate court to rewrite section 12945. (See *People* v. *Superior Court* (*Ramos*) (1991) 235 Cal.App.3d 1261, 1271 [1 Cal.Rptr.2d 333].) "'Courts must take a statute as they find it, and if its operation results in inequality or hardship in some cases, the remedy therefore lies with the legislative authority. [Citation.]' [Citations.] Here the language is clear, its application to

[appellant] is not repugnant to the general purview of the act, and there is no compelling reason to disregard the plain language and underlying purpose of the statute." (*Unzueta* v. *Ocean View School Dist.* (1992) 6 Cal.App.4th 1689, 1697 [8 Cal.Rptr.2d 614].) The Legislature is free to expand section 12945 to include any medical condition involving a woman's reproductive organs.

Appellant has argued that the hysterectomy was performed because she suffered a miscarriage. But this theory was not alleged in the complaint. Appellant gave birth to a child in 1991, several years before the "diagnostic hysterectomy." Appellant, in opposing the demurrer, conceded that she "was not pregnant" and that "neither 'pregnancy' or 'childbirth' are directly involved."

■ On review, the demurrer admits all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) Leave to amend is properly denied where, as here, the facts are not in dispute and no liability exists under the law. (*Ibid.*)

The judgment is affirmed. Costs to MacFrugals.

Stone (S. J.), P. J., and Coffee, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 20, 1999.