[No. B120414. Second Dist., Div. Six. Jan. 12, 1999.]

DANIELLE DEE SPAZIANO, Plaintiff and Appellant, v.
LUCKY STORES, INC., Defendant and Respondent.

**COUNSEL**

William D. Evans for Plaintiff and Appellant.

Manatt, Phelps & Phillips, James P. Mulkeen, Mary Wright and Susan C. V. Jones for Defendant and Respondent.

---

**OPINION**

**COFFEE, J.**—Danielle Dee Spaziano (Spaziano) appeals from a summary judgment entered against her in an action for pregnancy discrimination under the Fair Employment and Housing Act (FEHA). (Gov. Code, § 12900 et seq.)[1] We affirm.

### FACTS AND PROCEDURAL HISTORY

Lucky Stores, Inc. (Lucky) operates a chain of supermarkets and employs over 25,000 workers under a collective bargaining agreement (CBA) with the United Food & Commercial Workers Union. Spaziano began working for Lucky as a journeyman clerk in 1989 under the terms of the CBA.

Spaziano became pregnant in September of 1994. She suffered from extreme nausea and began a six-month pregnancy disability leave on October 3, 1994. She was automatically terminated on April 3, 1995, when she failed to return to work after the expiration of her leave period. Spaziano gave birth on April 29, 1995, and according to her doctor, would have been able to return to work on June 15, 1995.

The CBA delineates Lucky's policy for temporary disability leave: "ARTICLE 9—LEAVES OF ABSENCE[.] A. PREGNANCY, ILLNESS AND INJURY. Except as set forth in Article 3, Section A [concerning discharge for cause], and pregnancy as set forth below, the Employer agrees to grant to any employee who has been with the Employer for six (6) months or more, a leave of absence for a certified illness and/or injury, up to ninety (90) days, and to an employee who has been with the Employer for one (1) year or more, a leave of absence for certified illness and/or injury up to six (6) months. In cases of Workers' Compensation, the employee's leave of absence shall be continuous until such time as said employee has been released from his period of temporary disability and is available and qualified for work, provided, however, such leave of absence shall not exceed one (1) year.

"The employer agrees to grant to any pregnant employee who has been with the Employer for less than one (1) year, a leave of absence for that pregnancy, childbirth or related medical conditions, pursuant to the California Fair Employment Practices and Housing Act, Sec. 12945-(b)(2), for a

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

reasonable period, not to exceed four (4) months. If the employee has been with the employer for one (1) year or more, the leave may be up to six (6) months."

The CBA thus establishes a two-tier system for employees who have been with the company for over one year and who are unable to work due to temporary disability. Those who suffer from a work-related illness or injury may take a leave of absence of up to one year. Those who are temporarily disabled due to nonoccupational causes, including pregnancy, may take a leave of absence for up to six months.

Spaziano filed a civil complaint against Lucky. She alleged that Lucky's disability leave policy violated FEHA because it failed to provide employees disabled by pregnancy with as much leave as employees who are disabled due to work-related causes. (§ 12945.)

Lucky filed a motion for summary judgment on the ground that its disability leave policy was not discriminatory under FEHA. Lucky noted that it granted more leave to workers disabled by pregnancy than was statutorily required, so long as they had been employed for more than one year. The policy treated such pregnant workers the same as all other employees who were temporarily disabled due to nonoccupational injuries. As to workers who had been employed less than one year, the policy granted more leave to workers disabled by pregnancy than to workers disabled by other nonindustrial causes. The trial court agreed the policy was nondiscriminatory and granted Lucky's motion.

Spaziano appeals, contending that Lucky's disability leave policy is discriminatory on its face. Because her claim involves a question of law, we consider the issue de novo. (*Lenane* v. *Continental Maritime of San Diego, Inc.* (1998) 61 Cal.App.4th 1073, 1079 [72 Cal.Rptr.2d 121].)

### DISCUSSION

The order granting summary judgment aptly framed the issue as follows: Does a collective bargaining agreement that gives a one-year leave of absence to employees who are disabled by occupational injury, and a six-month leave of absence to employees who are disabled by nonoccupational injury *including pregnancy*, discriminate against pregnant employees and violate FEHA? The trial court found that it did not. We agree.

FEHA prohibits employment discrimination based on sex and other protected classifications and applies to all California employers with more than

five employees. (§§ 12900 et seq., 12926, subd. (d).) ■ Pregnancy discrimination is a form of sex discrimination. (*Williams* v. *MacFrugal's Bargains — Close-outs, Inc.* (1998) 67 Cal.App.4th 479 [79 Cal.Rptr.2d 98] review den.; *Badih* v. *Myers* (1995) 36 Cal.App.4th 1289, 1294 [43 Cal.Rptr.2d 229].) A pregnancy discrimination claim under FEHA is analo-' gous to a federal claim under title VII of the Civil Rights Act of 1964, which applies to employers with 15 or more employees. (42 U.S.C. § 2000e; *Williams, supra,* at pp. 481-483.) Lucky is subject to both title VII and FEHA. (42 U.S.C. § 2000e(b); § 12926, subd. (d).)[2]

Several provisions of FEHA pertain to pregnancy discrimination. Section 12940, subdivision (a) makes it an unlawful practice for an employer "because of . . . sex . . . to discriminate against the person in compensation or in terms, conditions or privileges of employment." Section 12926, subdivision (o) provides that " '[s]ex' includes, but is not limited to, pregnancy, childbirth, or medical conditions related to pregnancy or childbirth." Section 12945 details specific employment practices that constitute pregnancy discrimination under FEHA, including policies relating to pregnancy leaves and temporary light duty assignments.

Section 12945, subdivision (b)(2) makes it an unlawful employment practice to deny a leave of absence on account of pregnancy for a reasonable period, not to exceed four months, "during which the female employee is disabled on account of pregnancy, childbirth, or related medical conditions." As an employer subject to FEHA, Lucky was required to provide eligible employees with at least four months of pregnancy disability leave, even if it did not offer such leave to employees injured by other causes. Lucky offered six months of pregnancy disability leave to employees who had worked there for more than one year, and four months of leave to employees who had worked for a shorter period of time. Its policy did not violate section 12945, subdivision (b)(2) per se.

■ Spaziano claims that even though Lucky provided her with more than the four months of leave required by section 12945, subdivision (b)(2), it violated section 12945, subdivision (b)(1) by providing pregnant workers with less disability leave than workers injured on the job. Among other

---

[2]Title VII was amended in 1978 to specifically define sex discrimination to include pregnancy discrimination. (*Merrell* v. *All Seasons Resorts, Inc.* (C.D.Cal. 1989) 720 F.Supp. 815, 819-820; 42 U.S.C. §§ 2000e-2(a), 2000e(k).) The amendment to title VII provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work . . . ." (42 U.S.C. § 2000e(k).) The record does not suggest that Spaziano has ever attempted to bring a claim under title VII.

things, subdivision (b)(1) makes it unlawful for an employer to refuse a pregnant employee "the same benefits or privileges of employment granted by that employer to other persons not so affected who are similar in their ability or inability to work, including to take disability or sick leave or any other accrued leave which is made available by the employer to temporarily disabled employees."

Section 12945, subdivision (b)(1) does not apply to title VII employers such as Lucky. Section 12945, subdivision (e) provides, "Except for paragraph (2) of subdivision (b), and paragraphs (1) and (2) of subdivision (c), this section shall be inapplicable to any employer subject to Title VII of the federal Civil Rights Act of 1964."[3]

The inapplicability of section 12945, subdivision (b)(1) does not mean that Lucky was permitted to offer pregnant employees less disability leave than it offered all other temporarily disabled employees who were similarly situated in their inability to work. Such a leave policy would discriminate against certain disabled employees based on the fact of their pregnancy and would constitute sex discrimination under sections 12940, subdivision (a) and 12926, subdivision (o). These statutes do apply to title VII employers. (§ 12926, subd. (b).) The question presented here is whether Lucky's policy provides pregnant employees with less disability leave than that it offers other disabled employees.

The Fair Employment and Housing Commission has promulgated regulations interpreting FEHA, which make no distinction between title VII and non-title VII employers. (See §§ 12925, subd. (a), 12935, subd. (a); 2 Cal. Code Regs., §§ 7286.4, 7291.2, subd. (h).) The FEHA policy towards reinstating employees after a pregnancy disability leave is summarized as follows: "If an employee disabled by pregnancy has taken a pregnancy disability leave for longer than four months, an employer must treat the employee the same regarding reinstatement rights as it treats any other similarly situated employee who has taken a similar length [of] disability leave. For example, if the employer has a policy which allows reinstatement to other

---

[3]Although it generally requires employers to provide the same benefits to workers temporarily disabled by pregnancy as to workers disabled by other causes, section 12945, subdivision (b)(1) also provides that "no employer shall be required to provide a female employee disability leave on account of normal pregnancy, childbirth or related condition for a period exceeding six weeks." It further provides that an employer need not offer insurance coverage for the medical costs of pregnancy, even if it offers coverage for other temporary disabilities. (See Cal. Code Regs., tit. 2, § 7291.5, subd. (d).) These provisions would run afoul of title VII if applied to employers covered by the federal statute. (See *Newport News Shipbuilding & Dry Dock* v. *EEOC* (1983) 462 U.S. 669, 683-685 [103 S.Ct. 2622, 2630-2631, 77 L.Ed.2d 89, 102-103].)

temporarily disabled employees who are disabled for six months, the employer must also allow reinstatement to a woman disabled by pregnancy for six months." (Cal. Code Regs., tit. 2, § 7291.9, subd. (d).)

Lucky's policy under the CBA does not run afoul of the above regulation or FEHA. Lucky does not provide workers who are disabled due solely to their pregnancy with less leave than workers who are disabled due to other nonindustrial causes. Though it does not give them as much disability leave as employees who are injured on the job, this distinction is not based on sex or pregnancy. Spaziano was limited to six months of leave not because she was pregnant, but because her disability was not work related.

Spaziano argues that Lucky's policy is discriminatory because pregnancy will never qualify as an industrial injury. Her premise in incorrect. While it is unlikely that pregnancy alone will ever be covered by workers' compensation, the medical complications of a pregnancy may be work related and compensable under the workers' compensation law. (See, e.g., *Bell* v. *Macy's California* (1989) 212 Cal.App.3d 1442, 1449-1450 [261 Cal.Rptr. 447] [workers' compensation was exclusive remedy for inadequate medical treatment of employee by department store nurse, which led to pregnancy complications], disapproved on other grounds in *Snyder* v. *Michael's Stores, Inc.* (1997) 16 Cal.4th 991, 1000 [68 Cal.Rptr.2d 476, 945 P.2d 781].) If Spaziano's pregnancy-related disability had arisen out of the course of her employment, and qualified her to receive workers' compensation benefits, she would have been entitled to up to one year of leave under the CBA.

Our conclusion is supported by *Urbano* v. *Continental Airlines, Inc.* (5th Cir. 1998) 138 F.3d 204, a recent case interpreting the pregnancy discrimination provisions of title VII. ■ Title VII differs in some respects from FEHA, but ". . . the antidiscriminatory objectives and overriding public policy purposes of the two acts are identical." (*Beyda* v. *City of Los Angeles* (1998) 65 Cal.App.4th 511, 517 [76 Cal.Rptr.2d 547].) Although they are not controlling, federal cases interpreting title VII are instructive when analyzing a FEHA claim. (*Ibid.*)

The plaintiff in *Urbano* was an airline ticket agent who requested a light-duty assignment due to back pains and lifting restrictions caused by her pregnancy. Her request was denied. The airline's policy granted mandatory light-duty transfers only to employees who suffered an occupational injury. Employees with a nonoccupational injury or illness were required to request alternative work assignments through the normal duty system, which did not

guarantee a transfer. (*Urbano* v. *Continental Airlines, Inc.*, *supra*, 138 F.3d at p. 205.)

The Fifth Circuit decided that the plaintiff had failed to establish a prima facie case of discrimination under title VII because she could not prove she was treated differently than any other employee suffering from nonoccupational injuries. "Continental treated Urbano in exactly the same manner as it would have treated any other worker who was injured off the job. . . . Under [title VII], an employer is obliged to ignore a woman's pregnancy and 'to treat the employee as well as it would have if she were not pregnant.' [Citation.] Thus, Continental was entitled to deny Urbano a light duty assignment as long as it 'treat[s] similarly affected but nonpregnant employees' the same. [Citations.]" (*Urbano* v. *Continental Airlines, Inc.*, *supra*, 138 F.3d at p. 206; accord, *Lavalley* v. *E.B. & A.C. Whiting Co.* (1997) 166 Vt. 205 [692 A.2d 367, 368-370].)

The *Urbano* court disagreed with a contrary result reached by the Sixth Circuit in *Ensley-Gaines* v. *Runyon* (6th Cir. 1996) 100 F.3d 1220. In *Ensley-Gaines*, the post office offered discretionary "light duty" assignments to pregnant employees and others with non-work-related conditions. It denied pregnant workers the more favorable "limited duty" assignments available to employees who were injured on the job. The Sixth Circuit concluded the plaintiff had established a prima facie case of discrimination based on this policy. Title VII requires that pregnant workers receive the same benefits "as other persons not so affected but similar in their ability or inability to work." (42 U.S.C. § 2000e(k).) The court reasoned that employees injured by industrial accidents were similar to employees disabled by pregnancy in their "ability or inability to work." (*Ensley-Gaines*, *supra*, 100 F.3d at p. 1226.)

We disagree with the reasoning of *Ensley-Gaines*. The common goal of title VII and FEHA is "to end discrimination against pregnant workers." (*California Federal S. & L. Assn.* v. *Guerra* (1987) 479 U.S. 272, 286 [107 S.Ct. 683, 692, 93 L.Ed.2d 613, 626]; *Williams* v. *MacFrugal's Bargains — Close-outs, Inc.*, *supra*, 67 Cal.App.4th at p. 484.) A leave policy such as Lucky's, which differentiates between work-related disabilities and those which occur off the job, does not discriminate against pregnant employees. Rather, it establishes a neutral rule that incidentally affects pregnant employees as part of a larger group. (See *Wimberly* v. *Labor & Industrial Rel. Comm'n* (1987) 479 U.S. 511, 513, 517-522 [107 S.Ct. 821, 823, 825-828, 93 L.Ed.2d 909, 913, 915-919] [state law disqualifying an unemployment insurance claimant who has " 'left work voluntarily without good cause attributable to his work or to his employer' " did not discriminate against pregnant worker who was denied benefits].)

The judgment is affirmed. Costs are awarded to respondent.

Yegan, Acting P. J., and Stone (S. J.), J.,* concurred.

Appellant's petition for review by the Supreme Court was denied March 31, 1999.

---

*Retired Presiding Justice of the Court of Appeal, Second District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.